IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEANNA JEAN CHESSER,<br>    Plaintiff,<br>  v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | Case No. 2:13-cv-717<br>Judge Peter C. Economus<br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Carolyn Chesser brings this action seeking review of the decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income. This matter is before the Court on Chesser's objections to the Magistrate Judge's August 4, 2014 Report and Recommendation, in which the Magistrate Judge recommended that the Commissioner's decision be affirmed. For the reasons set forth below, the Court **OVERRULES** Chesser's objections (Dkt. 17), **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 16), and **AFFIRMS** the ALJ's decision.

### A.  Background

Chesser alleges that she became disabled and unable to work on July 31, 2008, at age 35, due to severe post-traumatic stress syndrome ("PTSD"), severe anxiety, severe panic attacks, anger issues, right-knee problems, ovarian cysts, spastic colon, and irritable bowel syndrome ("IBS"). (R. at 190, 233.)

The ALJ determined that Chesser suffered from the following severe impairments: depression, PTSD, anxiety, borderline personality disorder, borderline intellectual functioning (BIF), and polysubstance abuse. (R. 14.) She determined that Chesser suffered from the following non-severe impairments: right knee problems, ovarian cysts, spastic colon, IBS, gastritis, and fibromyalgia. (R. at 14-15.) The ALJ further found that Chesser did not have an

impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 15.) The ALJ determined that Chesser had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: She is limited to only occasional interaction [with] the public, coworkers and supervisors. She is capable of performing routine, repetitive tasks, and occasional production pace work." (R. 17.)

Chesser asserted that the ALJ's determination should be overturned for the following reasons: (1) the ALJ's mental RFC finding was contradicted by the opinions of two Agency physicians, and no rationale was provided addressing the conflict; (2) the ALJ failed to consider evidence of Agency employees' observations of Chesser; (3) the ALJ accorded inadequate weight to the opinions of three treating providers; and (4) the evidence shows that Chesser is disabled and unable to perform the basic mental demands of unskilled work as described in SSR 85-15, warranting an award of benefits. (Dkt. 11 at 12, 13, 14, 19.)

In her Report and Recommendation, the Magistrate Judge recommended that the Commissioner's decision be affirmed, finding that substantial evidence supports the ALJ's determination that Chesser was not disabled within the meaning of the Social Security Act. (Dkt. 16.) Chesser filed objections as to two findings in the Report and Recommendation: (1) that the ALJ's mental RFC was supported by substantial evidence and (2) that the ALJ accorded proper weight to the opinion of treating psychologist Dr. Hayes. (Dkt. 17 at 1.)

### B. Analysis

#### 1. *The ALJ's mental RFC was supported by substantial evidence.*

Chesser first complains that the Magistrate Judge "stat[ed] that state agency physicians Warren and Zwissler's opinions that Chesser was limited to only 'occasional interaction with the public, coworkers, and supervisors' pertained only to the issue of whether she could return to her

past relevant work and not to whether she could do any other work." (Dkt. 17 at 3 (citing Dkt. 16 at 15–16).) According to Chesser, "[t]his splitting of hairs [] puts form over substance." (*Id.*)

Chesser misreads the Report and Recommendation, the relevant portion of which states:

> [S]ubstantial evidence supports the mental RFC assigned by the ALJ, which limits Plaintiff to only occasional interaction with the public, coworkers, and supervisors. As Defendant notes in her response, Dr. Warren and Dr. Zwissler opined that Plaintiff was limited to superficial social interactions *when answering why Plaintiff could no longer perform her past relevant work*. (R. at 89, 101.) Drs. Warren and Zwissler noted that Plaintiff "would work best in a low stress setting that involves limited interaction with others." (R. at 65, 76.) The ALJ directly incorporated this restriction into her determination of Plaintiff's RFC, both by concluding that Plaintiff was unable to perform her past relevant work and by concluding that Plaintiff could only have "limited interaction with others." (R. at 17.)

(Dkt. 16 at 15–16 (emphasis added).) The italicized language provides context for specific statements by Drs. Warren and Zwissler, both of whom also opined that Chesser "would work best in a low stress setting that involves limited interaction with others." (R. at 65, 76.) The Magistrate Judge correctly stated that "[t]he ALJ directly incorporated this restriction into her determination of Plaintiff's RFC, both by concluding that Plaintiff was unable to perform her past relevant work and by concluding that Plaintiff could only have 'limited interaction with others.'" (Dkt. 16 at 16 (citing R. at 17).)

The Court finds that the opinions of Drs. Warren and Zwissler were properly considered as a part of the entire record, which shows that Chesser's medications helped her to achieve considerable improvement in her symptoms, including in her ability to be "active with her family and friends, get[] out, and meet[] her responsibilities." (R. 73, 88.) The Court agrees with the Magistrate Judge's conclusion that substantial evidence supported the ALJ's determination regarding Chesser's mental RFC. This objection is **OVERRULED**.

### *2.   The ALJ accorded proper weight to the opinion of Dr. Hayes.*

Chesser asserts that it was improper for the ALJ to entitle "no weight" to the opinion of Dr. Hayes, and contends that the ALJ's reasons for rejecting Dr. Hayes' opinion did not accurately reflect the record.  Chesser argues that:

> the language the ALJ relied upon within the treatment notes is subject to interpretation, to wit: "the claimant was doing well with medications and keeping her problems from her children." (Tr. 23). The ALJ's additional remark that "Treatment success and the claimant being disabled are clearly inconsistent assertions." (Tr. 23) just makes it clear that the ALJ interpreted the doctor's statement that his patient was "doing well" as "treatment success" when there is absolutely no basis for that interpretation/ assumption.

(Dkt. 17 at 5–6.)  While reasonable minds may differ on how to interpret Dr. Hayes' treatment notes, the Court finds that this issue does not affect the overall conclusion that substantial evidence supports the ALJ's decision to deny benefits.  "If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently."  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  Moreover, a decision to afford little or no weight to Dr. Hayes' opinion could also be supported by the fact that the mental status examination upon which Dr. Hayes' assessment was based was comprised mostly of Chesser's subjective complaints, rather than clinical observations, and was inconsistent with the record as a whole.  (*See* R. 337–340.)

Because the ALJ's treatment of Dr. Hayes' assessment does not affect the overall conclusion that substantial evidence in the record supports the ALJ's decision to deny benefits, and because the ALJ's decision to afford such assessment no weight can be supported by the record, the Court **OVERRULES** this objection.

## C. <u>Conclusion</u>

Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court determines that substantial evidence supports the ALJ's determination that Chesser was not disabled within the meaning of the Act.  Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 16) and **AFFIRMS** the decision of the Commissioner**.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendant.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**